UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI BEYDOUN,

        Plaintiff,

v.                                                  CIVIL NO. 06-12113
                                                    HON. LAWRENCE P. ZATKOFF


NEWPORT INSURANCE COMPANY,

        Defendant.

_____/


**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 18, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE


**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion for Summary Judgment, filed on June 7, 2006. Plaintiff has responded, and Defendant has replied to the response. Plaintiff has also filed a response to Defendant's reply. Defendant has filed a motion to strike Plaintiff's second response. Plaintiff argues that the local rules do not specifically prohibit a response to a reply. Plaintiff's argument is without merit. Local Rule 7.1 only permits a response to a motion, and a reply to the response. Therefore, the Court orders that Plaintiff's second response be stricken from the record.


Regarding Defendant's Motion for Summary Judgment, the Court finds that the facts and

legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

## II. BACKGROUND

In April 2002, Plaintiff purchased a single family residential dwelling in Canton, Michigan for $190,000.  At the time of the purchase, Plaintiff was residing in a house he owned in Dearborn Heights, Michigan.  Plaintiff continued to reside in the Dearborn Heights house as he attempted to sell it, leaving the Canton house vacant.  The mortgage on the Canton house was held by Countrywide Home Loans, which obtained an insurance policy ("the policy") on the house from Defendant.  Plaintiff paid the premiums on the policy.

Plaintiff alleges that at some point in the winter of 2003 Detroit Edison turned off the power at the Canton house, causing the water pipes to freeze and burst.  When Plaintiff visited the Canton house on February 5, 2003, the basement was completely filled with water.  Plaintiff had last visited the house approximately fifteen days before.  The damage caused by the water was extensive, and Plaintiff submitted a claim to Defendant under the policy.  Defendant retained a local adjuster, GAB Robbins, to handle the claim.

Defendant initially made a payment of $12,340.14 on the claim.  After Plaintiff complained that the amount was insufficient to repair the house, Paul Holubek, a representative of GAB Robbins, and James Werner, a representative of James Construction, performed an additional investigation.  The parties do not specify when the investigation took place, but Werner's report is dated October 22, 2003.

2

On December 5, 2003, Defendant sent a letter stating that based on the investigation an additional payment of $8,794.57 would be made. Defendant's Exh. E. The letter stated that the investigation was final, and no "additional claim funds will be released due to the borrower's lack of protection and remediation not taking place." The letter also stated that any legal action against Defendant must be brought within two years after the date on which the damage occurred. The letter contained the following disclaimer:

> None of Newport Insurance Company's action in connection with this claim, including Newport's investigation of this claim and this letter, should be construed as a waiver of any of the terms, provisions, conditions, limitations or exclusions of its Policy No. CFU195692 nor its rights or defenses under the policy or at law. Newport does not waive and specifically reserves its right to assert any further defenses to this claim available to it under the policy, by statue [sic], at law or in equity.

Plaintiff did not use the $21,134.71 he received to repair the house. The money was placed in the bank, and some of it was spent on citations and an inspection. Plaintiff claims that the amount was insufficient to make the necessary repairs. In January 2004, Plaintiff received a quote from Kirkman Construction, estimating the cost of repairs at $47,900. During this time the house remained vacant and continued to deteriorate, due in part to vandalism. Doors, windows, the furnace, and aluminum siding were stolen from the house. Racoons also began living in the house. Plaintiff received numerous citations from the city regarding the property, and in December 2005 the house was demolished by order of the city at Plaintiff's expense.

### III. LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings combined with the affidavits in support show that no genuine issue as to any material fact remains and the moving party is entitled to judgment as a matter of law. *See* FED.

R. CIV. P. 56(c).  A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted).  In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324.  The non-moving party must do more than show that there is some metaphysical doubt as to the material facts.  It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

## IV.  ANALYSIS

Defendant notes that the damage to the Canton house occurred in February, 2003.  Plaintiff filed his complaint on November 15, 2005.  Plaintiff's insurance policy contained the following clause:

No one may bring a legal action against us under this policy unless:

a.	there has been full compliance with all of the terms of this policy; and

4

      b.     the action is brought within two years after the date on which the direct physical loss or damage occurred.

Defendant's Exh. A.  Defendant argues that because Plaintiff's complaint was brought more than two years after the damage occurred, it is barred pursuant to the contractual period of limitations.

Plaintiff does not contest the validity of the contractual period of limitations, but argues that Defendant waived the provision.  Plaintiff relies on the Ohio case *Hounshell v. American States Ins. Co.*, 67 Ohio St. 2d 427 (Ohio 1981).  In *Hounshell*, the plaintiff's house was damaged by a fire.  The defendant insurance company acknowledged its liability, but only offered to pay a portion of the plaintiff's claim.  The plaintiff eventually filed suit after the contractual period of limitations.  The Ohio Supreme Court held that:

> We hold that a waiver in these types of cases may occur when the insurer, by its acts or declarations, evidences a recognition of liability under the policy, and the evidence reasonably shows that such expressed recognition of liability and offers of settlement have led the insured to delay in bringing an action on the insurance contract.

*Id.* at 431.  The *Hounshell* Court relied in part on an Oklahoma case which held that:

> In such a situation where defendant admitted liability to plaintiff, but never made payment to him on his claim, and there were intermittent negotiations for settlement of the claim, the defendant thereby waived the limitation provision of the policy.  If defendant had intended to rely on the limitation provision, it should have paid plaintiff what it considered to be the reasonable value of plaintiff's loss and denied liability for anything in excess of that. If that had been done within time to allow plaintiff to commence his action for such excess claim within the limitation period of the policy, then defendant could rely on the bar of limitations.

*Agricultural Ins. Co. v. Iglehart*, 386 P. 2d 145, 146 (Okla. 1963).  The *Hounshell* Court qualified its endorsement of the waiver doctrine by noting that:

> It is not our conclusion here that all offers of settlement made by insurance companies to the insured are to be construed as waivers of the time limitation. Where there is a specific denial of liability upon the policy, either totally or in part, there would generally be no waiver occasioned by an offer of settlement.

5

*Hounshell*, 67 Ohio St. 2d at 432-33.  The Court further noted that if the defendant "in making its offers to the insured, had made it clear that it had concluded this was the full extent of its liability, and that it was refusing to recognize any further liability, it could have relied upon the limitation of action clause within the policy."  *Id.* at 433.

The Sixth Circuit applied *Hounshell* in *Thomas v. Allstate Ins. Co.*, 974 F.2d 706 (6th Cir. 1992).  The plaintiff's house was destroyed by fire in January 1990.  The insurance policy contained a one year period of limitations, and the insurance company denied the claim on December 12, 1990.  The plaintiff brought suit in February 1991.  The defendant argued the suit was barred by the one year period of limitations.  The Sixth Circuit held that "The process of investigation in determining liability by an insurer does not constitute a waiver by that insurer."  *Id.* at 710.  The Sixth Circuit noted that the defendant formally denied the claim on December 12, 1990, and never gave the plaintiff any contrary indication afterwards.  The Sixth Circuit held that the plaintiff had an adequate time to file suit between the denial in December 1900 and the expiration of the limitations period in January 1991.  *Id.*

Michigan courts have not directly considered the issue raised in *Hounshell*.  However, the Michigan Supreme Court has held that "recognized traditional contract defenses may be used to avoid the enforcement of [a contractual limitations period.]"  *Rory v. Cont'l Ins. Co.*, 473 Mich. 457, 470 (Mich. 2005).  The Michigan Supreme Court listed "duress, waiver, estoppel, fraud, or unconscionability" as examples of traditional defenses.  *Id.* at 470 n.23.

Plaintiff in the instant case argues that the Court should look to *Hounshell* for an example of what the Michigan courts would consider waiver.  However, even if the Court assumes, arguendo, that Michigan courts would follow a waiver standard similar to that of *Hounshell*, Defendant's

6

conduct does not constitute waiver under that standard.

The situation envisioned by *Hounshell* is one where the insurance company admits liability, but delays payment by making offers of settlement, thereby inducing the claimant to forego filing suit during the limitations period. Defendant's conduct in this case did not follow that pattern. Defendant initially paid Plaintiff $12,340.14 on his claim. When Plaintiff claimed the amount was insufficient, Defendant investigated further, and paid Plaintiff an additional $8,794.57. The Sixth Circuit has held that the "process of investigation in determining liability by an insurer does not constitute a waiver by that insurer." *Thomas*, 974 F.2d at 710.

Nor does Defendant's total payment of $21,134.71 constitute a waiver. An admission of liability by the insurer does not automatically effect a waiver of the limitations defense. An insurer may accept liability for one portion of a claim, and deny liability for another portion, without waiving the limitations defense. The *Hounshell* court held that "[w]here there is a specific denial of liability upon the policy, *either totally or in part*, there would generally be no waiver occasioned by an offer of settlement." *Hounshell*, 67 Ohio St. 2d at 433 (emphasis added). Furthermore, an insurance company may rely on a limitations defense when it pays part of a claim and makes "it clear that it had concluded this was the full extent of its liability, and that it was refusing to recognize any further liability." *Id.* at 433.

In the instant case, Defendant accepted liability for $21,134.71 of Plaintiff's claim, but did not accept liability for any amount greater than that. In a letter dated December 5, 2003, Defendant stated that "[w]e have completed our final investigation into the above-referenced claim for water. . . . No additional claim funds will be released due to the borrower's lack of protection and remediation not taking place." Defendant's Exh. E. Defendant did not induce Plaintiff to forego

7

suit by indicating that further funds would be forthcoming; to the contrary, Defendant stated that it would not release any more funds.  Furthermore, the letter specifically stated that Defendant's investigation did not constitute a waiver of any defenses pursuant to the policy, and explicitly mentioned the limitations period contained in the policy.  In *Thomas*, the Sixth Circuit held that an insurer gave the claimant sufficient time to file suit when it informed the claimant of its decision approximately one month before the expiration of the limitations period.  *Thomas*, 974 F.2d at 710. In the instant case, Defendant made its final decision more than a year prior to the expiration of the limitations period, and explicitly referenced the limitations period.  Thus, Plaintiff had sufficient time to file suit had he chosen to do so.

In *Agricultural Insurance*, the Alabama case referenced by *Hounshell*, the court held that:

> If defendant had intended to rely on the limitation provision, it should have paid plaintiff what it considered to be the reasonable value of plaintiff's loss and denied liability for anything in excess of that. If that had been done within time to allow plaintiff to commence his action for such excess claim within the limitation period of the policy, then defendant could rely on the bar of limitations.

*Agricultural Ins. Co.*, 386 P. 2d at 146.  That is precisely what Defendant did in the instant case: it paid Plaintiff $21,134.71 and denied liability for any amount in excess of that.  Plaintiff then had more than a  year to file a claim.

Plaintiff points to a letter he received in April 2005 from Paul Holubek, a claims adjuster hired by Defendant.  The letter informs Plaintiff he may submit any disagreements he has with the 2003 estimate of damages.  However, even if this letter constitutes an admission of liability that would waive the limitations period, it was sent *after* the limitations period expired.  (The damage occurred in February 2003, thus the limitations period expired in February 2005).  The Sixth Circuit has held that "acts or conduct giving rise to waiver or estoppel must have occurred within the time

8

limitation contained in the . . . policy, rather than after such limitations have run." *Friendly Farms v. Reliance Ins. Co.*, 79 F.3d 541, 545 (6th Cir. 1996) (quoting *Metz v. Buckeye Union Fire Ins. Co.*, 104 Ohio App. 93, 96 (Ohio Ct. App. 1957).  Therefore, the April 2005 letter is not relevant to the Court's analysis.

Plaintiff has not identified any conduct occurring during the limitations period that would constitute a waiver of the limitations defense.  Thus, Plaintiff's suit is barred by the contractual period of limitations, and the Court must grant Defendant's Motion for Summary Judgment.

## V.  CONCLUSION

For the above reasons, Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's action is HEREBY DISMISSED with prejudice.


IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  August 18, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 18, 2006.

s/Marie E. Verlinde
Case Manager

9